**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| TRAVIS WILLIAMS, ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | CASE NO. 04-1074 |
| ROBERT M. SPEARS, ) | |
| Defendant. ) | |

**MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendant, ROBERT M. SPEARS (hereinafter "SPEARS"), by his attorneys, KEVIN W. LYONS, State's Attorney of Peoria County, LYNDEN D. SCHMIDT, Assistant State's Attorney and pursuant to FRCP 56(b) moves the Court for summary judgment in his favor. Pursuant to this Court's order of October 28, 2004, Defendant's Motion for Summary Judgment shall stand as his response to Plaintiff's Motion for Summary Judgment filed on October 26, 2004. In support of his motion, SPEARS states as follows:

**A.      INTRODUCTION**

**A.1     DEFENDANT SPEARS' MOTION**

Defendant Spears moves for summary judgment on all Plaintiff's claims. Although Plaintiff was given a Notice to Appear in Court on December 9, 2003 by the Peoria Police Department, the Information was not filed by the State's Attorney's Office until December 8, 2003. Therefore, when the Circuit Clerk's Office sent Plaintiff a letter on December 4, 2003, they could not have been aware of the Plaintiff's court date and were not denying him access to court. Plaintiff subsequently filed the motion he allegedly sent on November 26, 2003, and therefore has not shown the type of injury required to prevail on a constitutional claim. Furthermore, Spears is being sued in his individual capacity only. Spears did not have any involvement with any documents sent by Plaintiff and cannot be held vicariously liable under Section 1983.

**A.2   PLAINTIFF'S MOTION**

Plaintiff has alleged in his Motion for Summary Judgment that Spears refused to file his Petition for Habeas Corpus. Spears had no personal involvement with any documents sent by Plaintiff to his office. In addition, given the number of documents filed by the Circuit Clerk's Office for Plaintiff in his criminal misdemeanor case, this one instance constitutes negligence at best. A claim of negligence cannot support a claim of denial of access to the courts.

**B.1   MATERIAL FACTS CLAIMED TO BE UNDISPUTED**

1. Plaintiff was arrested by the Peoria Police Department on November 1, 2003.

    a. Exhibit A, Affidavit of Steven S. Smith, Ex. 1

2. A warrant was issued for the Plaintiff on November 1, 2003 by the Illinois Department of Corrections; Plaintiff was released to the Department of Corrections on November 6, 2003.

    a. Exhibit A, Affidavit of Steven S. Smith, Ex. 1 and 2

3. Plaintiff was issued a Notice to Appear in Peoria Circuit Court on December 9, 2003 at 9:00 a.m. by the Peoria Police Department on November 6, 2003.

    a. Exhibit B, Affidavit of Robert M. Spears, Ex. 1, page 3

4. On December 4, 2003, a Peoria County Deputy Circuit Clerk sent Plaintiff a letter which stated that no charges against him could be found.

    a. Exhibit B, Affidavit of Robert M. Spears, Ex. 13, page 5

5. Charges in Case No. 03 CM 2753, *People v. Travis D. Williams* were filed with the Circuit Clerk by the Peoria County State's Attorney's Office on December 8, 2003.

    a. Exhibit C, Affidavit of Stefani Quast.

    b. Exhibit B, Affidavit of Robert M. Spears, Ex. 1

6. A copy of a Notice to Appear is not filed until the Information is filed.

    a. Exhibit C, Affidavit of Stefani Quast

7. In cases prosecuted by the State's Attorney's Office, the Circuit Clerk's Office has no information on criminal charges until they are filed by the State's Attorney.

LDS/04/williamsTravis summary judgment2.doc/plf

    a.    Exhibit B, Affidavit of Robert M. Spears

8. On December 9, 2003, Peoria Circuit Judge Collier continued Plaintiff's First Appearance in Case No. 03 CM 2753 to January 20, 2004 at 9:00 A.M. because Plaintiff was in the custody of the Illinois Department of Corrections.

    a.    Exhibit B, Affidavit of Robert M. Spears, Ex. 2

9. On January 5, 2004, a Peoria County Deputy Circuit Clerk sent Plaintiff a letter telling him that the charges against him were filed on December 8, 2003.

    a.    Exhibit B, Affidavit of Robert M. Spears, Ex. 9

10. On January 5, 2004, Plaintiff's Motion for Appointment of Counsel, Application to Sue or Defend as a Poor Person and Leave to File Petition of Mandamus were filed in Case No. 03 CM 2753.

    a.    Exhibit B, Affidavit of Robert M. Spears, Ex. 5 – 7

11. On January 20, 2004, Plaintiff was informed of the charges against him in Case No. 03 CM 2753 and entered a plea of Not Guilty; Plaintiff was represented by Attorney Robert Gaubas.

    a.    Exhibit B, Affidavit of Robert M. Spears, Ex. 10

12. On January 26, 2004, Plaintiff's Motion to Dismiss with four exhibits was filed in Case No. 03 CM 2753.

    a.    Exhibit B, Affidavit of Robert M. Spears, Ex. 13

13. On March 16, 2004, Plaintiff's Motion for Clerk Issuance of Subpeona(s) was filed in Case No. 03 CM 2753.

    a.    Exhibit B, Affidavit of Robert M. Spears, Ex. 14

14. On April 16, 2004, Plaintiff's Motion for Change of Trial with one exhibit, Motion for Clerk Issuance of Subpoenas, Motion for Effect of Failure to Arraign and Irregularity of Arraignment, Motion to Suppress Confession, Motion to Dismiss Charge with six exhibits and Motion for A Bill of Particulars were filed in Case No. 03 CM 2753.

      a.    Exhibit B, Affidavit of Robert M. Spears, Ex. 19 – 24

15.    On June 1, 2004, Plaintiff's document entitled "Defendant Seeking a Court Order" with exhibit was filed in Case No. 03 CM 2753.

      a.    Exhibit B, Affidavit of Robert M. Spears, Ex. 27

## B.2   MATERIAL FACTS FROM PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT CLAIMED TO BE DISPUTED

**Fact No. 1**    Defendant Spears denies that he returned anything to the Plaintiff.

      a.    Exhibit B, Affidavit of Robert Spears

**Fact No. 3**    "The Plaintiff at all times requested that Robert M. Spears send a stamp and file return motion to the Plaintiff, which Robert M. Spears refused to do."

Response    Spears never saw any of Plaintiff's documents until he received the complaint herein on June 10, 2004. The Plaintiff did not ask for file, stamped copies.

      a.    Exhibit B, Affidavit of Robert Spears

      b.    Exhibit B, Affidavit of Robert Spears, Ex. 3, 11, 17 and 25

**Fact No. 4**    Robert M. Spears has made an individualized descisions [sic] on how he will run this office, to prejudice indigent pro se litigants by always stating in letters with returned motion that he would not file the motion or petition, but will check with the State's Attorney first!"

Response    The letters from Spears' office were from deputy clerks, not from Spears. The documents that Plaintiff sent to Spears' office which precipitated the January 5, 2004 letter from Spears' office were filed.

      a.    Exhibit B, Affidavit of Robert Spears, ex. 4-7, ex. 9 and ex. 13, page 5

**Fact No. 6**    "The Plaintiff is finishing a 10 ½ month sentence due to the fact Robert M. Spears failed to file the Plaintiff's Habeas Corpus Petition."

Response    The Plaintiff's sentence was a result of his parole violation.

      a.    Exhibit B, Affidavit of Robert Spears, ex. 31

**B.3  FACTS CLAIMED TO BE IMMATERIAL TO THE MOTION**

**Fact No. 2**   The Plaintiff has stated a cause of action that violated the Plaintiff [sic] constitutional rights to access to the courts.

Response   This statement is a conclusion of law, not a fact.

**Fact No. 5**   "No evidence has been submitted during the defendant's motion for dismissal to support the defendant not unconstitutionally [sic] depriving the plaintiff of his constitutional right to access to the courts."

Response   Pursuant to FRCP 12(b), no evidence is required to be submitted with a motion to dismiss.

**C.   APPLICABLE LAW**

If there is no genuine issue as to any material fact, then the moving party is entitled to judgment as a matter of law.  FRCP 56(c).  The facts must be reviewed in a light most favorable to the non-moving party.  "But in doing so, [the Court should] draw only reasonable inferences, not every conceivable inference."  (*Devalk Lincoln Mercury, Inc. v. Ford Motor Co.,* 811 F.2d 326, 329 (7th Cir. 1987)).

No evidence is taken by the Court when considering a motion to dismiss and, therefore, Defendant was not required to submit any with his motion (*Johnson v. Revenue Management Corporation*, 169 F.3d 1057, 1059 (7th Cir. 1999)); FRCP 12(b).  In a Section 1983 action, a defendant cannot be liable under the doctrine of *respondeat superior* (*Pacelli v. DeVito*, 972 F.2d 871, 878 (7th Cir. 1992); *Adams v. Pucinski,* 2002 WL 31497340, p. 3 (N.D. Ill. 2002)).  To establish liability under Section 1983, the Plaintiff must show that Spears actually participated in the alleged actions (*Steidl v. Gramley*, 151 F.3d 739, 741 (7th Cir. 1998); *Adams,* 2002 WL 31497340, p.3).

In order to bring a claim that he was denied access to the courts, Plaintiff must claim that he suffered a "concrete injury" as a result (*Tarpely v. Allen County Indiana*, 312 F.3d 895, 899 (7th Cir. 2002)).  In addition, there must be a deliberate deprivation and an "isolated incident of

negligence…does not rise to the level of a constitutional violation actionable under Section 1983." (*Kincaid v. Vail,* 969 F.2d 594, 602 (7th Cir. 1992)).

D.  **ARGUMENT**

1.  **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In his Complaint, the Plaintiff alleges that Spears denied him access to the Peoria Courts "by telling Mr. Williams that he had no court case…" "Robert M. Spears sent Mr. Williams' motion back to him." (Complaint, par. 3)  Based on the record, the Plaintiff refers to the letter sent to him by a deputy clerk on December 4, 2003 (Exhibit B, Affidavit of Robert Spears, ex. 13, page 5, letter attached to Williams' Motion to Dismiss). The Plaintiff was arrested by the Peoria City Police on November 1, 2003, and was given a Notice to Appear on December 9, 2003 in Peoria Circuit Court for that offense. (Exhibit A, Affidavit of Steven Smith, ex. 1; Exhibit B, Affidavit of Robert Spears, ex. 1, page 3).  A warrant was issued by the Illinois Department of Corrections on November 1, 2003 for the Plaintiff, and he was released to the Department on November 6, 2003. (Exhibit A, Affidavit of Steven Smith, ex. 1 and 2). Charges for the November 1st arrest by the Peoria Police were not filed by the Peoria County State's Attorney's Office until December 8, 2003. (Exhibit B, Affidavit of Robert Spears, ex. 1; Exhibit C, Affidavit of Stefani Quast). Therefore, when Spears' office sent the letter on December 4, 2003, there was no file or charge in the Circuit Clerk's office with regard to the November 1st arrest (Exhibit B, Affidavit of Robert Spears; Exhibit C, Affidavit of Stefani Quast).  Consequently, there could be no deliberate deprivation of the Plaintiff's access to the courts which is required to state a constitutional violation (*Kincaid*, 969 F.2d at 602).

In addition, the motion Plaintiff allegedly sent to the Circuit Clerk in November, 2003 was a Motion for Speedy Trial and/or Quash Warrant.  This same motion was subsequently filed with his Motion to Dismiss on January 26, 2004 (Exhibit B, Affidavit of Robert Spears, ex. 13, page 6), and with his Motion to Dismiss Charge filed on April 16, 2004 (Exhibit B, Affidavit of Robert Spears, ex. 23, page 4).  Plaintiff's motion to dismiss was subsequently denied.  (Exhibit B, Affidavit of Robert Spears, ex. 29).  Having been able to file and present his original motion to the Peoria Circuit

Judge, Plaintiff cannot claim an injury as is required to bring a Section 1983 action (*Tarpley* 312 F.3d at 899).

Further, Plaintiff alleged at the October 28, 2004 video conference that because his motion was not filed, he was never arraigned. However, upon being notified that Plaintiff was in the custody of the Department of Corrections, the Court continued Plaintiff's First Appearance on December 9, 2003 to January 20, 2004 (Exhibit B, Affidavit of Robert Spears, ex. 2). On January 20th, the Plaintiff was informed of the charges against him and entered a plea of not guilty (Exhibit B, Affidavit of Robert Spears, ex. 10). In fact, the Plaintiff appeared in Peoria Circuit Court several times before his trial (Exhibit B, Affidavit of Robert Spears, ex. 10, 15, 16, 28 and 29), and was represented by counsel (*Id.*, ex. 10, 15, 16 and 30).

The letter sent by the deputy circuit clerk on January 5, 2004 states that charges were on file against the Plaintiff, which by the time this letter was sent was true (Exhibit B, Affidavit of Robert Spears, ex. 1; Exhibit C, Affidavit of Stefani Quast). It is difficult to understand how this letter violated the Plaintiff's constitutional right of access to the courts since on the same day, the Circuit Clerk's Office filed the documents sent by the Plaintiff as follows: 1) Motion for Appointment of Counsel; 2) Application to Sue or Defend as a Poor Person; and 3) Leave to File Petition of Mandamus (Exhibit B, Affidavit of Robert Spears, ex. 5-7). The letter sent by the Plaintiff with these documents asked that a letter be sent to the Lawrence Correctional Center stating that there were no charges against him. (Exhibit B, Affidavit of Robert Spears, ex. 3). Of course, by this time the charges had been filed, so the letter requested by the Plaintiff could not be sent.

Most importantly, the Plaintiff's claim is against Spears only in his individual capacity (Court's order, May 13, 2004, Docket No. 5). The letters from the Circuit Clerk's Office were clearly sent by a deputy circuit clerk, not Spears himself (Exhibit B, Affidavit of Robert Spears, ex. 9 and 13, page 5). Moreover, Spears does not file documents himself, and had never heard of the Plaintiff until he received the complaint herein on June 10, 2004. (Exhibit B, Affidavit of Robert Spears). There is no vicarious liability in Section 1983 actions (*Pacelli,* 972 F.2d at 878; *Adams*,

2002 WL 31497340, p. 3). Spears can be liable only if the Plaintiff can show that Spears actually participated in the alleged actions (*Steidl*, 151 F.3d at 602). In an office with 58,558 cases filed in 2003 and 54,318 cases filed to date in 2004, the Circuit Clerk could hardly be expected to file the documents himself and, in fact, he does not.

In his motion for summary judgment, the Plaintiff amends his complaint by adding a new claim that he sent a Petition for Habeas Corpus on May 4, 2004 to the Circuit Clerk's Office that was not filed. If the Court allows this new claim, Spears must have been personally involved with the petition to be liable. However, as stated above, he does not file documents and had not heard of the Plaintiff until this complaint was given to him. But further, if such a petition was sent and misplaced, the allegation is at best one of negligence. Before the date on which Spears received Plaintiff's Complaint, no less than twelve motions were filed by the Clerk's Office on the Plaintiff's behalf in Plaintiff's criminal misdemeanor case (Exhibit B, Affidavit of Robert Spears, ex. 5-7, 13, 14, 19-24 and 27). In addition, the motion that Plaintiff allegedly sent before the charges against him were filed was filed twice with two Motions to Dismiss the charges (Exhibit B, Affidavit of Robert Spears, ex. 13, page 6 and ex. 23, page 4). An "isolated incident of negligence…does not rise to the level of a constitutional violation actionable under Section 1983." (*Kincaid, 969 F.2d at 602*).

**2. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff claims that with every letter he sent, he asked for file stamped copies. However, that is not true. His letter dated December 31, 2003 asked that a letter be sent to the Lawrence Correctional Center stating that there were no charges pending against him (Exhibit B, Affidavit of Robert Spears, ex. 3). Plaintiff's letter filed on May 7, 2003 asked that a letter be sent to the prison that he didn't "have a warrant in Peoria County." (Exhibit B, Affidavit of Robert Spears, ex. 32) By the time these letters were sent though, there were charges filed against him. The remaining letters simply describe the documents enclosed and ask that they be filed (Exhibit B, Affidavit of Robert Spears, ex. 3, 11, 17 and 25). Plaintiff claimed in his response to Spears' Motion to Dismiss that he

needed certified copies of the pleadings to show that he had been charged with only a misdemeanor so that the Parole Board would release him. The parole violation cited by the Parole Board, however, was the violation of "any" criminal statute. (Exhibit B, Affidavit of Robert Spears, ex. 31). In any event, the letters sent by the Plaintiff with the documents he filed did not contain requests for certified copies or file stamped copies.

Finally, the Plaintiff claims that his motion should be granted because Spears did not submit any evidence with this Motion to Dismiss. However, no evidence is required with a motion to dismiss, and such submission would convert the motion into one for summary judgment (FRCP 12 (b); *Johnson,* 169 F.3d at 1059).

**WHEREFORE,** for all the reasons stated above, Defendant Spears prays that this Court enter summary judgment in his favor on Plaintiff's Complaint as amended and deny the Plaintiff's Motion for Summary Judgment.

RESPECTFULLY SUBMITTED,
ROBERT M. SPEARS
Defendant

KEVIN W. LYONS
State's Attorney of Peoria County


By: /s/ Lynden D. Schmidt
     Assistant State's Attorney
     Peoria County Courthouse
     324 Main Street, Room 111
     Peoria, IL 61602
     (309) 672-6017

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| TRAVIS WILLIAMS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | CASE NO. 04-1074 |
| ROBERT M. SPEARS, | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I, LYNDEN D. SCHMIDT, Assistant State's Attorney of Peoria County, hereby certify that on the 17th day of November, 2004, I caused a true and correct copy of the attached Motion for Summary Judgment to be served upon:

Travis D. Williams, #B67417
MCC
P.O. Box 711
Menard, IL 62259

by depositing the same in the United States Mail in the Peoria County Courthouse, Peoria, Illinois, postage fully prepaid and addressed as aforesaid.

By: /s/ Lynden D. Schmidt
    Assistant State's Attorney of Peoria County
    Peoria County Courthouse
    324 Main Street, Room 111
    Peoria, IL 61602
    (309) 672-6017

LDS/04/williamsTravis summary judgment2.doc/plf