E-FILED
Monday, 22 November, 2004 04:15:01 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRIAL DISTRICT OF ILLINOIS
PEORIA DIVISION

FILED

CASE NO. 04-1074

NOV 22 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TRAVIS WILLIAMS    PLAINTIFF;
VS.
ROBERT M. SPEARS    DEFENDANT.

RESPONSE TO DEFENDANT ANSWER AND AFFIRMATIVE DEFENSES
AND BRIEF IN SUPPORT OF PLAINTIFF MOTION FOR SUMMARY
JUDGEMENT.

TRAVIS WILLIAMS
REG. NO.# B-67417
MENARD CORR. CTR.
P.O. BOX 711
MENARD, ILLINOIS 62259

INDEX

TABLE OF AUTHORITIES

CONSTITUTIONS

SECONDARY AUTHORITIES AND CASE NUMBERS

TABLE OF EXHIBITS

RESPONSE TO DEFENDANTS ANSWER
AND AFFIRMATIVE DEFENSE

BRIEF IN SUPPORT OF PLAINTIFFS MOTION
FOR SUMMARY JUDGEMENT.

ARGUMENT I. PRIVIOUS DENIAL OF ACCESS TO THE COURTS
HISTORY OF WRONGS

ARGUMENT II. PRESENT DENIAL OF ACCESS TO THE COURTS
CONSTITUTIONAL VIOLATIONS PURSUANT TO CASE No.# 03-CM-2753 IN PEORIA
COUNTY CRIMINAL CIRCUIT COURT

ARGUMENT III.
THE RIGHT TO DEFEND OR PROSECUTE AN CAUSE OF ACTION.

CONCLUSION.
7A, 7B, 7C. 7.D (AFFADAVIT. 7E PROOF OF SERVICE)

TABLE OF AUTHORITIES

BORDANARO V. McLEOD 871 F.2d AT 1556-57     PG. 3
CREWS V. PETROSKY 509 F. SUPP. 1199 W.D. P.A (1981)     PG. 7A.

DAVIS V. MASON COUNTY 927 F.2d. 1473-83 9th CIR (1991)     PG. 4
FOULKS V. COLE COUNTY MO. 991 F.2d. 454 C.A.8 MO.(1993)     PG. 6
FLOYD V. LAWS 929 F.2d. 1390, 1402 9th CIR (1991)     PG. 7
GOODSON V. CITY OF ATLANTA 763 F.2d 1381-87 11th CIR     PG. 7

HARVEY V. CITY OF CHICAGO 742 F.SUPP. 999-1002 N.D. (1990)     PG. 3
HECK V. HUMPHREY 512 U.S. 477 114 S. CT 2364 (1994)     PG. 4
HECK V. HUMPHREY     PG. 7A.
HERSHBERGER V. SCHLETTH 33F.2d 955 8thCIR (1994)     PG. 4
ILLIANO V. CLAY 892 F. SUPP. 1995 T.P. E.d. P.A.     PG. 6
JACKSON V. BOSTICK 760 F. SUPP. 524-52 n.6. D. MD.(1991) PG. 7A
KINCAID V. VAIL 969 F.2d. 594-601 7th CIR (1992)     PG. 6
LIFFAY V. CHRISTO 994 F.2d. 1490 C.A. 3 PA. (1993)     PG. 7B.
NAGEL V. CITY OF BILLINGS 77 MONT 205 250 P. 445-46     PG. 5
NEWSOME V. JAMES 968 F.SUPP 1318 N.D. ILL. (1997)     PG. 7
NEWSOME V. McCABE 319 F.3d 301 C.A.7 ILL. (2003)     PG. 7
PEOPLE V. HENDERSON 142 ILL.2d 258, 154ILL.DEC 785 568 N.E. 2d 1234 (1990) PG. 3
PRAVADA V. CITY OF ALBANY 956 F.SUPP. 174 N.D. NY. (1997)     PG. 7B.
RE GREEN 669 F.2d 779-85 DC. CIR (1981)     PG. 7A.
SAMPLE V. DIECKS 885 F.2d 1099, 1112 3d CIR (1989)     PG. 7
SCHULTZ V. DABNEY TEX CIV APP. 204 S.W. 342-47     PG. 5
TALARICO V. DUNLAP 177 ILL.2d. 185 226 ILL.DEC 222 685 N.E.2d. PG. 7, 7B.
THOMAS V. ROBERTS 2003 WL934249 C.A. 11. GA. (2003)     PG. 7C.
THORTON V. CITY OF ST. HELENS 237 F. SUPP. 2d. 1014 (2002) PG. 7C.
TORRES V. SUPERINTENDENT OF PUERTO RICO 893 F.2d. 404 C.A.1 PUERTO RICO (1990) PG. 6

CONSTITUTIONS

ARTICLE I SECTION 8 OF THE ILLINOIS CONSTITUTION                    PG. 2

ARTICLE I SECTION 8 OF THE ILLINOIS CONSTITUTION                   PG. 3

EQUAL PROTECTION CLAUSE, FED. R.CW.P. 15C                          PG. 4

FIRST AMENDMENT                                                    PG. 4

PRIVILEGES AND IMMUNITIES CLAUSE OF ARTICLE 4 (U.S.C.)             PG. 4

UNITED STATES CONSTITUTION AMENDMENT FOURTEEN                      PG. 5

UNITED STATES CONSTITUTION AMENDMENT SIX                           PG. 6

UNITED STATES CONSTITUTION AMENDMENT ONE (1ST)                     PG. 7

UNITED STATES CONSTITUTION PRIVILEGES CLAUSE AND IMMUNITIES CLAUSE OF ARTICLE FOUR   PG. 7

28 UNITED STATES CONSTITUTION 1983 MERIT REVIEW 1915 A.            PG. 7A.

QUALIFIED IMMUNITY (14TH AMENDMENT)                               PG 7A.

28 UNITED STATES CONSTITUTION 1983 MERIT REVIEW 1915 A.            PG. 7B

## SECONDARY AUTHORITIES

730 ILCS 5-3-8-10 (2001)                                          PG. 2

725 ILCS 5/163-5 (2001)                                           PG. 2

725 ILCS 5/103-5                                                  PG. 3

735 ILCS 5/14-104 ET. SEQ                                         PG. 4

735 ILCS 5/3-3-9 C. D, E.                                         PG. 4

725 ILCS 5/163-5                                                  PG. 6

725 ILCS 5/103-5d                                                 PG. 6

735 ILCS 5/10-102 ET SEQ                                          PG. 6

725 ILCS 5/33-2 A.C.                                              PG. 7B

725 ILCS 5/33-3 ABC                                               PG. 7B

## REPORTS OF POLICE AND CASE NUMBERS

2000 CF-1052    PG. 1 (CASE)

2000 CF-1053    PG. 1 (CASE)

2003 CM 32292   PG. 5. (REPORT)

3000 32292      PG. 6 (REPORT)

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

ROBERT M. SPEARS
DEFENDANT

CASE NO. # 04-1074

RESPONSE TO DEFENDANT ROBERT M. SPEARS ANSWER
AND AFFIRMATIVE DEFENSES AND BRIEF IN SUPPORT OF
PLAINTIFF TRAVIS WILLIAMS MOTION FOR SUMMARY JUDGEMENT

1. IN ROBERT SPEARS MOTION TO DISMISS HE HAS ADMITTED THAT HE RETURNED THE PLAINTIFF MOTION BACK TO HIM AND THERE WAS NO HARM DONE, HAVE ALLEGED.

2. THE PLAINTIFF HAS ALWAYS MAINTAINED THAT ROBERT M. SPEARS HAS MADE AN INDIVIDUALIZED DECISION ON HOW HE WILL RUN THE CIRCUIT CLERKS OFFICE TOTALLY DISREGARDING LAWS OF STATE AND FEDERAL STATUES AND SURELY DISREGARDING UNITED STATES CONSTITUTIONAL RIGHTS OF PRO SE INDIGENT PRISON LITIGANTS, BY DENYING THEM ACCESS TO THE CIRCUIT COURT IN PEORIA COUNTY ILLINOIS, BY RETURNING MOTIONS OR PETITION ALONG WITH A LETTER, STATING HE WILL NOTIFY THE STATES ATTORNEY FIRST.

3. PRIOR TO THE ALLEGATIONS IN THE PLAINTIFFS COMPLAINT HE FILED MOTIONS FOR A DEMAND FOR SPEEDY TRIAL AND AT THAT TIME HE GOT THE ALMOST SAME RESULTS, BUT ROBERT M. SPEARS DID NOT RETURN ANY MOTIONS BUT RESPONDED TO ONE LETTER.

4. THE PLAINTIFF NEVER ONCE SEEKED TO OVER TURN A CONVICTION BY FILING MOTIONS OR PETITIONS, THE PLAINTIFF CLEARLY SEEKED TO GAIN ACCESS TO THE COURTS TO PROSECUTE AN ACTION, AND WAS DENIED THAT ACCESS, TO PROSECUTE 03-CM-2753 IN DEMAND FOR SPEEDY TRIAL AND A PETITION OF MANDAMUS, AND A MOTION TO DISMISS 03-CM-2753.

5. THE PLAINTIFF WAS GRANTED PRERELEASE STATUS IN OCTOBER OF 2001 AND THEN GRANTED PAROLE IN 2003 AUGUST FOR CASE NO# 2000 CF 1052 AND 2000 CF 1053, AND THE PLAINTIFF HAS FILED MOTIONS FOR DEMAND FOR SPEEDY TRIAL FOR A 2002 ALLEGED ASSAULT AND A MOTION FOR DEMAND FOR SPEEDY TRIAL FOR ALLEGED CHARGES OF A NOVEMBER 1ST 2003 ARREST FOR DOMESTIC BATTERY, AGGRAVATED ASSAULT, ROBBERY, CRIMINAL DAMAGE TO PROPERTY AND BURGLARY, AND WAS DENIED ACCESS TO THE COURTS BY ROBERT M. SPEARS TO A ADEQUATE, MEANINGFUL, AND EFFECTIVE OPPORTUNITY TO AVAIL IN ANY ACTION.

6. ROBERT M. SPEARS HAS ESTABLISHED A HISTORY OF DENYING THE PLAINTIFF ACCESS TO THE COURTS.

1

WhEREFORE ThE PlAINTIFF TRAVIS wIllIAMS PRAYS ThAT This
HonoRAblE JudgE GRANTS RElIEF ThAT'S OUTLINED IN ThE
PlAINTIFF ConclUsION FoR SUMMARY JudgEMENT

RESPECTFUlly SubMITTED
TRAVIS WILLIAMS PRO SE.

/ A

RESPONSE

BRIEF IN SUPPORT OF PLAINTIFF MOTION
FOR SUMMARY JUDGEMENT

I. ARGUMENT (HISTORY OF WRONGS)

IN THE MONTHS BETWEEN SEPTEMBER 2002 AND July OF 2003 PRIOR TO
THIS COMPLAINT BEING FILED THE PLAINTIFF FILED SEVERAL MOTIONS FOR DEMAND
FOR SPEEDY TRIAL, TO GAIN ACCESS TO THE COURTS FOR AN 2002 JANUARY 16th
ALLEGED CHARGE FOR ASSAULT THE PLAINTIFF WAS DENIED ACCESS TO THE COURTS
AT THAT TIME.

IT WASN'T UNTIL JUNE OF 2003 THAT ROBERT M. SPEARS RESPONDED TO THE
PLAINTIFF LETTER THAT ACCOMPANIED A MOTION FOR SPEEDY TRIAL, BY SENDING BACK A COPY
OF THE PLAINTIFF'S LETTER TO INTERNAL AFFAIRS DIVISION OF I. D.O.C. .

THE CONTENTS OF THE LETTER CLEARLY STATED TO ROBERT M. SPEARS THAT HE HAS
BEEN DENYING THE PLAINTIFF ACCESS TO THE COURTS AND IF HI'S ACTION PERSISTANTLY
KEEPS UP THE PLAINTIFF WILL NOT HESITATE TO TAKE Robert SPEARS TO COURT, AND
THAT THE PLAINTIFF WANTS TO NO IF HE HAS A WARRANT AND CHARGE STEMING FROM
A DECEMBER 10th 2001 POLICE REPORT AND ALLEGED TO BE CHARGED BY THE ILLINOIS STATE
POLICE, VICTIM BEING WILLIAM Kelch.

THE PURPOSE FOR FILING MOTION DEMAND FOR SPEEDY TRIAL AND OR TO QUASH
WARRANT WAS TO SEEK A CLEAR IDENTIFICATION FOR THE DEPARTMENT OF
CORRECTIONS, BECAUSE PLAINTIFF HAD A BLUE I.D AT THAT TIME WHICH DENIED THE
PLAINTIFF PRISON PRIVILEDGES THAT HE WAS SEEKING, PLAINTIFF NEEDED A CLEAR I.D. .

INTERNAL AFFAIRS DIVISION FOR THE DEPART MENT OF CORRECTIONS AT WESTERN C.C.,
CAME AND TALKED TO THE PLAINTIFF ABOUT THE LETTER STATING AT THAT TIME THAT
THEY COULD NOT TAKE DISCIPLINARY ACTION AGAINST THE PLAINTIFF FOR EXERCISING HIS
UNITED STATES CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS PURSUANT TO
730 ILCS 5/3-8-10 (2001) AND 725 ILCS 5/103·5 (2001) AND ARTICLE I SECTION 8
OF THE ILLINOIS CONSTITUTION (DEMAND FOR SPEEDY TRIAL).

IN THE MONTH OF July 2003 THE I. D. O.C. AT WESTERN C.C. WAS ACCESSED THE INFORMATION
NEEDED TO GRANT THE PLAINTIFF HIS CLEAR I. D. SO HE COULD BE APPROVED FOR A
NIGHT JOB OR OUTSIDE GROUNDS JOB, THE PLAINTIFF PAROLED IN AUGUST OF 2003 SO
THE DAMAGE HAD BEEN DONE AND THE PLAINTIFF GOT THE NIGHT JOB BUT WAS NEVER
GRANTED ACCESS TO THE COURT IN PEORIA COUNTY, IN 2002 AND 2003 FOR THIS INCIDENT
OF A DECEMBER 10th 2001 INVESTIGATION AND CHARGE BY THE ILLINOIS STATE POLICE FRICK'S PEO. DIVISIONS.

2

THEREFORE ROBERT M. SPEARS HAS A CLEAR KNOWLEDGE OF THE PLAINTIFF, (SEE) (PARAGRAPH 4 OF DEFENDANTS ANSWER) THATS WHY THE LETTER AND MOTION WAS SENT BACK TO [HIM]THE PLAINTIFF.

ROBERT M. SPEARS NOT NOING THE PLAINTIFF HAD BEEN PAROLED IN AUGUST OF 2003 PROBABLY THOUGHT THIS MOTION FILED ON NOVEMBER 26th 2003 WAS FROM THE JULY 2003 INCIDENT (HE) ROBERT SPEARS AND PLAINTIFF TRAVIS WILLIAMS HAD WENT THROUGH, SO THEREFORE HE SENT MOTIONS AND PETITIONS BACK TO THE PLAINTIFF ALONG WITH A LETTER WITH EACH RETURNED MOTION AND PETITION, BECAUSE OF THE CONTENTS OF THE LETTER THE PLAINTIFF WROTE TO THE DEFENDANT IN THE EARLY MONTHS OF 2003, BUT ROBERT M. SPEARS CLAIMS TO HAVE NO KNOWLEDGE OF PLAINTIFF NOR DOCUMENTS AND THAT NOW, A DEPUTY CLERK WITHIN HIS OFFICE SENT THE LETTERS AND MOTIONS AND PETITIONS BACK TO THE PLAINTIFF. SEE PEOPLE-V- HENDERSON 142 ILL. 2d. 258, 154 ILL DEC. 785, 568 N.E. 2d. 1234 1990 ROBERT M. SPEARS COLORLESS ADMISSION HAS DEPRIVED THE PLAINTIFF THE LEGITIMATE MORAL FORCE OF EVIDENCE. PURSUANT TO FED.R. CIV. P. 15:(C) THE PLAINTIFF ADDS THIS DESCRIPTION OF THE DEFENDANTS PREVIOUS ACTION.

# II. ARGUMENT

ON NOVEMBER 26th 2003 THE PLAINTIFF TRAVIS WILLIAMS SEEKED ACCESS TO PEORIA COUNTY CIRCUIT COURT TO PROSECUTE AN ACTION BY FILING A MOTION FOR DEMAND FOR SPEEDY TRIAL/AND OR QUASH WARRANT PURSUANT TO 725 ILCS 5/103-5 AND WAS DENIED ACCESS TO THE COURTS FOR THE CHARGES OF DOMESTIC BATTERY, AGGRAVATED ASSAULT, ROBBERY, CRIMINAL DAMAGE TO PROPERTY AND BURGLARY THE SOLE PURPOSE FOR FILING THE MOTIONS IN NOVEMBER WAS TO GET THOSE CHARGES DISMISSED AND TO EXERSIZE THE PLAINTIFF UNITED STATES CONSTITUTIONAL RIGHTS TO ACCESS TO THE COURTS PURSUANT TO ARTICLE I SECTION 8 OF THE STATE OF ILLINOIS CONSTITUTION, ALSO SEE EXHIBITS 10, 11, 12, 13 WHEREAS MOTION WAS DENIED ACCESS TO THE COURTS.

ROBERT M. SPEARS MUST HAVE HAD CLEAR KNOWLEDGE OF THE LETTER SENT IN HIS NAME (SEE EXHIBIT 10), ROBERT M. SPEARS IS THEE CIRCUIT CLERK AND WITHIN HIS JOB DESCRIPTION HE IS THE HEAD OF THE CIRCUIT CLERKS OFFICE AND ATHORIZE AND OVERSEES EVERTHING COMING IN AND GOING OUT OF HIS OFFICE (SEE EXHIBIT 18 AND 19).

ROBERT M. SPEARS HAS CLEARLY AUTHORIZED THE FEES SET FORTH IN THE LETTERS TO THE PLAINTIFF, SEE EXHIBITS 10 AND 14, SO HOW COULD HE NOT NO WHATS GOING ON IN HIS CLERKS OFFICE AND THE CONDUCT OF HIS DEPUTY CLERKS.

ROBERT SPEARS HAS INADEQUATELY TRAINED HIS DEPUTY CLERKS AND REFUSE TO DICIPLINE ANY CLERK NO MATTER WHAT THIER WRONGS ARE. COMPARE HARVEY-V-CITY OF CHICAGO 742 F. SUPP. 994-998 -1002 N. D. ILL. 1990, ABU BORDANARO-V- MCLEOD 871 F.2d AT 1536-57

3

ALSO COMPARE DAVIS-V- MASON COUNTY 927 F.2d 1473, 1480-83 (9th CIR 1991).

WHEN THE PLAINTIFF FILED HIS LEAVE TO FILE PETITION OF MANDAMUS ON
DECEMBER 31ST 2003 IT TO WAS RETURNED, THIS WAS THE PLAINTIFF SECOND FILING
OF PETITION OF MANDAMUS PURSUANT TO CODE OF CIVIL PROCEDURE 735 ILCS 5/14-101
ET, SEQ, SEE EXHIBTS 14, 15, 16, 17.

AGAIN THE PLAINTIFF SEEKED ACCESS TO THE COURTS TO COMPEL CERTAIN PARTIES TO
DO CERTAIN DUTIES THAT THE PLAINTIFF WAS ENTITLED TO, TO PRESENT AT A PRISON
REVIEW BOARD MEETING HELD ON FEBUARY 8th 2003, PURSUANT TO 735 ILCS 5/3-3-9 C.D. E HEARINGS.

NOT ONCE DID THE PLAINTIFF SEEK TO OVER TURN A CONVICTION AS THE DEFENDANTS COUNSEL
STATED, TO DO THAT THE DEFENDANT WOULD HAVE TO FILE MOTION TO VACTE A CONVICTION
PURSUANT TO CHAPTER 116 A IN CASE NO.# 2000 === CF 1052 AND 2000 === CF-1053.
NEVER ONCE DID THE PLAINTIFF SEEK TO OVER TURN THOSE CONVICTIONS. WHAT THE
PLAINTIEF SEEKED TO DO WAS GAIN A FAIR HEARING AT THE PRISON REVIEW BOARD MEETING
PURSUANT TO 735 ILCS 5/3-3-9 (C.)(D.)(EA), ON DECEMBER 4th 2003, AND
FEBUARY 8th 2003, THE PLAINTIFF WAS GRANTED AFAIR HEARING FINALY IN MAY OF 2004
BUT IT WAS DUE TO THE FILING OF A GRIEVANCE FILED BY THE PLAINTIFF, PURSUANT
TO DR. 504 ADMINISTRATIVE CODE 2C OF THE DEPARTMENT OF CORRECTION.

THERFORE DEFENSE COUNSEL STATEMENT THAT THE PLAINTIFF CLAIMS ARE BARRED
BY HECK-V- HUMPHREY, 512 U.S. 477, 114 S.CT. 2364 (1994) ARE NOT TRUE.
THE PLAINTIFF SEEKED ACCESS TO THE COURTS TO PROSECUTE AN ACTION, PURSUANT TO
THE SURPREME COURT ESTABLISHMENT OF BEYOND OF A DOUBT THAT PRISONERS HAVE
A CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS. THE SURPREME COURT HAS CITED
THE DUE PROCESS CLAUSE, THE EQUAL PROTECTION CLAUSE, THE FIRST AMENDMANT AND
THE PRIVILEDGES AND IMMUNITIES CLAUSE OF ARTICLE IV OF THE CONSTITUTION WHAT THE
SURPREME COURT HAS ESTABLISHED SURELY APPLIES TO THE PLAINTIFF, BECAUSE CLEARLY
THE PLAINTIFF WAS A PRISONER BECAUSE OF CASE NO. 2000 - CF-1052 AND 00-CF-1053,
AND THE PLAINTIFF NEVER FILED ANY PETITION OR MOTIONS PERTAINING TO 2000-CF-1052 AND
2000 CF-1053 UNTILL MAY 4th 2003 AND THAT TO WAS DENIED ACCESS TO THE COURTS SEE
(HERSHBERGER V. SCALETTA 33 F. 2d 955)(8th CIR 1994).

# III ARGUMENT

ON NOVEMBER 1ST 2003 THE PLAINTIFF WAS ARRESTED SEE EXHIBITS 1 AND 2, AND THESE
POINTS OUT WHAT THE CHARGES WERE.

THE PLAINTIFF HAS ALWAYS HAD A REASON TO PETITION THE COURTS BECAUSE OF OFFICER

POLICE REPORT (REPORT #03-32292), THE PLAINTIFF EXERCISED his RIGHTS TO THE UNITED STATES DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION AMENDMENT 14,

BECAUSE ON NOVEMBER 6th 2003 THE PLAINTIFF SIGNED NOTICE TO APPEAR TICKETS TO APPEAR IN COURT ON DECEMBER 8th 2003 FOR THE CHARGES OUTLINED IN EXHIBIT ONE, AND ADDED CHARGE IN EXHIBITS (SEE) 3, 4, 5, 6, 7, 8, 9 (BURGLARY).

A RECOGNIZANCE BOND WAS ISSUED TO THE PLAINTIFF IN THE AMOUNT OF 10 PERCENT OF ONE Thousand FIVE hundred Dollars ($150.00), AT Which TIME THE PLAINTIFF WAS TRANSFERED TO PRISON FROM THE PEORIA COUNTY JAIL ON NOVEMBER 6th 2003.

SO THEREFORE ON DECEMBER 4th 2003 WHEN ROBERT SPEARS RETURNED THE PLAINTIFF MOTION HE NEGLECTED TO DO HIS JOB, STATING TO THE PLAINTIFF HE HAD NO CHARGES WITH A PRICE LIST WITHIN THE LETTER.

THE PLAINTIFF CONSTRUED This AS A CLEAR VIOLATION OF His U.S.C.A. 14 RIGHTS TO BE FREE FROM PENALTIES RESULTING FROM INDIGENCY, BECAUSE IT CLEARLY STATES WITHIN THE LETTER Along WITH THE PRICE OF SERVICES IS THAT ANY SERVICE REQUIRED MUST BE PAID PRIOR TO THE REQUEST FOR THAT SERVICE.

ROBERT M. SPEARS AND THE CIRCUIT CLERKS OFFICE RAN BY HIM HAS SERVICES THAT IN ADEQUATE, AND WITH NO EFFECTIVENESS OF GAINING ACCESS TO THE COURTS DEEMING ALL MOTIONS AND PETITIONS FILED BY PRO, SE, PRISON LITIGANTS MEANINGLESS.

ON JANUARY 5th 2004 SEE EXHIBITS 14, 15, 16, 17 ROBERT M. SPEARS RETURNED THE PLAINTIFFS PETITION OF MANDAMUS STATING HE FOUND NEW CHARGES TO THE PLAINTIFF, IN A LETTER WITH RETURNED MOTION BUT Did NOT FILE THE PLAINTIFFS SECOND PETITION OF MANDAMUS.

AT THAT INSTANCE ROBERT M. SPEARS AND THE CIRCUIT CLERKS OFFICE DENIED THE PLAINTIFF ACCESS TO THE COURTS THAT WAS ADEQUATE TO WHAT IS REQUIRED BY STATE AND FEDERAL LAWS AND STATUES THAT IS SUITABLE TO THE CASE OR OCCASION SEE NAGEL-VS- CITY OF BILLINGS 77 MONT. 205, 250 P 445-46.

DENIED THE PLAINTIFF EFFECTIVE SUCCESS AS TO PROSECUTE AN ACTION OF MOTION TO SPEEDY TRIAL AND TO DISMIS, EFFECTIVENESS TO PROSECUTE A CIVIL PETITION OF MANDAMUS SEE SCHULTZ -VS- DABNEY TEX. CIV. APP. 204 S. W. 342, 347.

THE PLAINTIFF WAS SURELY DENIED ACCESS THAT WAS MEANINGFUL THAT IS INTENDED TO SIGNIFIED by APPROACH AND THE MEANS, POWER, AND OPPORTUNITY OF APPROACHING A LEGAL RIGHT TO ACCESS TO THE COURTS AND A REASONABLE OPPORTUNITY TO AVAIL ONE SELF.

5

OF COURSE ROBERT M. SPEARS FOUND NEW CHARGES ON JAN 5th 2004, BECAUSE HE ROBERT SPEARS Filed Them on DECEMBER 8th, 4 DAYS AFTER HE RETURNED THE PLAINTIFFS motion FOR DEMAND SPEEDY TRIAL AND OR QUASH WARRANT AND motion TO DISMISS PURSUANT TO 725 ILCS 5/103-5 AND 725 ILCS 5/103-5(d), THESE CHARGES OF DOMESTIC BATTERY, WAS charged with a NEW CHARGE OF THEFT BUT EXHIBIT 18 AND 19 CLEARLY HAS THE SAME POLICE REPORT NUMBER ON IT BEING O 3000-32329, MATTER FACT SAME POLICE REPORT NUMBER AS EXHIBIT ONE, when PLAINTIFF WAS charged with Two misdemeanors AND THREE FELONYS.

THESE WERE NOT NEW CHARGES, ONly ONE CHARGE WAS NEW AND THAT WAS "THEFT."

ROBERT M. SPEARS, HAS TRIED, TO SYSTEMATICALLY, TRIED TO White Wash EVIDENCE, To cover up His misconduct SEE ILLIANO -VS- Clay T.P. E.D. PA. 892 F.Supp (1995).

ROBERT M. SPEARS ON MAY 4th 2004 AGAIN would NOT RESPOND TO THE PLAINTIFF, About THE PLAINTIFFS PETITION OF HABEUS CORPUS PURSUANT TO 735 ILCS 5/10-102 et. Seq (1992) WHERE AT THIS Time THE PLAINTIFF SEEKED TO OVERTURN A MARCH 16th 2004 PRISON REVIEW BOARD DECISION BECAUSE THE ILLINOIS PRISON REVIEW BOARD HAD HELD A HEARING while THE PLAINTIFF WAS IN COURT, RESULTING IN THE REVOCATION OF Good TIME AND IN MAY OF 2004 THE PLAINTIFF HAD THIS ORDER OF REVOCTION OF Good time VACTED DUE TO THE ILLINOIS DEPARTMENT OF CORRECTIONS GRIEVANCE PROCEDURES, SEE EXHIBITS 42, 43, 44, 45, 46, 47, 48.

PRE TRIAL DETAINEES ARE ENTITLED TO DUE PROCESS RIGHTS AND PROTECTION IF THEY ARE TRANSFERED TO STATE PRISON AND THE RESULT IS INTERFERENCE with Thier 6th UNITED STATES Constitutional RIGHTS TO EFFECTIVE ASSITANCE OF COUNSEL AND TO SPEEDY TRIAL. SEE UNITEd STATES CONSTITUTION 6 AMENDMENT, ALSO SEE Kincaid-VS-VAIL 969 F.2d 594, 601 7th CIR 1992, ALso SEE Foulks -VS- Cole County Mo. 991 F.2d 454 C.A. 8 Mo 1993.

ROBERT M. SPEARS CONDUCT HAS Clearly DEPRIVED THE PLAINTIFF SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS, COMPARE TORRES -VS- SUPERINTENDANT OF Puerto Rico 893 F.2d 404 C.A.I. Puerto Rico 1990

6.

CONCLUSION

ROBERT M. SPEARS HAS NOT SUBMITTED ANY EVIDENCE WITH IN HIS MOTION FOR AFFIRMATIVE DEFENSE AND ANSWER THAT HE WAS NOT THE ONE WHO SENT THE LETTERS OR RETURNED MOTIONS AND PETITION, AND DID NOT FILE MAY 4th PETITION OF HABEAS CORPUS SEE EXHIBITS 42 THRU 47.

HOW COULD ROBERT M. SPEARS EXPLAIN THAT HE, AND A OFFICER AN BY HIM, DEPRIVED THE PLAINTIFF OF CONSTITUTIONAL RIGHTS THAT HAS BEEN ESTABLISHED BY THE UNITED STATES SUPREME COURT SEE THE DUE PROCESS CLAUSE, SEE THE EQUAL PROTECTION CLAUSE, SEE THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION, SEE THE PRIVILEDGES AND IMMUNITIES CLAUSE OF ARTICLE 4 OF THE UNITED STATES CONSTITUTION.

ROBERT M. SPEARS HAS CONSPIRED AGAINST THE PLAINTIFF TO DENY THE PLAINTIFF ACCESS TO THE COURTS (COMPARE) NEWSOME-VS- SPEARS 968 F. SUPP 1318 N.D. ILL.(1997), CITING NEWSOME -VS- MCCABE 319 F.3d 301 C.A.7. ILL 2003, CONCEALMENT AND SUPRESSION OF EVIDENCE.

THE PLAINTIFF IS CLEARLY ENTITLED TO SUMMARY JUDGEMENT DUE TO CONSTITUTIONAL VIOLATIONS CAUSED BY THE DEFENDANT SEE SAMPLE-VS- DIERKS 885 F.2d 1099, 1112 3d CIR 1989, (COMPENSTORY DAMAGES).

AND THE PLAINTIFF IS CLEARLY SEEKING COMPENSTORY DAMAGES FOR LOST WAGES AT $260.00 PER WEEK, FOR EACH WEEK FROM NOVEMBER 1ST 2003 TO NOVEMBER 27th 2004. THE PLAINTIFF IS SEEKING COMPENSTORY DAMAGES FOR THE LOST OF HOUSING, CLOTHES, FOOD, IN AMOUNT DETERMINED BY THE COURT, PLAINTIFF WAS GAINFULLY EMPLOYED ON NOVEMBER 1st 2003.

THE PLAINTIFF IS ENTITLED TO NOMINAL DAMAGES IF A CONSTITUTIONAL VIOLATION IS FOUND SEE FLOYD-VS- LAWS AT; 929 F.2d. 1390, 1402 9th CIR (1991). ALSO SEE GOODSON-VS- CITY OF ATLANTA 763 F.2d 1381, 1383 -87 11th CIR WHEREAS A PLAINTIFF WAS AWARDED $45,000 IN COMPENSTORY DAMAGES AND $5,000 IN PUNITIVE DAMAGES JUST FOR THREE DAYS UNCONSTITUTIONAL CONDITIONS, AND SURELY THE PLAINTIFF HAS SUFFERED FROM ROBERT M. SPEARS ACTION ON SEVERAL OCCASION'S, AND MORE THAN 3 DAYS.

7

THE FACT of knowing PRIOR to NOVEMBER 26th 2003 ROBERT M. SPEARS WOULD NOT LET THE PLAINTIFF FILE ANY MOTIONS OR PETITIONS should BE ENOUGH TO FIND FAVOR IN THE PLAINTIFFS CASE.

AND THE FACTS THAT ROBERT M. SPEARS wouldnot LET THE PLAINTIFF FILE motions IN NOVEMBER OF 2003 AND petitions IN DECEMBER OF 2003 AND MAY OF 2004 A Habeas corpus PETITION THAT did NOT get FILEDBY THIS CLERKS OFFICE OR LETTERS RESPONDED TO About THE STATUS OF THE HABEAS CORPUS PETITION IS A CLEAR VIOLATION OF TRAVIS WILLIAMS CONSTITUTIONAL RIGHTSOF ACCESS TO THE CIRCUIT COURTS.

DENYING THE PLAINTIFF TRAVIS WILLIAMS ACCESS TO THE COURTS AS A PLAINTIFF OR DEFENDANT IS A CONSTITUTIONAL VIOLATION AND IS STRONG IN CIVIL CASES such AS PETITION OF MANDAMUS.

STRONGEST IN CASES INVOLVING DIRECT AND COLLATERAL APPEALS LIKE PETITION OF HABEAS CORPUS.

STRONG IN CASES INVOLVING Fundamental CONSTITUTIONAL RIGHTS LIKE THIS 28 § U.S.C 1983 BUT WEAK when THE CASE DOES NOT RAISE ANY CONSTITUTIONAL CLAIM, SEE RE GREEN 669 F.2d 779, 785 D.C. CIR 1981, ALSO SEE CREWS-V- PETROSKY 509 F. SUPP 1199 Wd. P. R. 1981

EVEN IF THE PLAINTIFF WAS TO SEEK RELIEF AS OUTLINED IN HECK-V.- HUMPHREY THE PLAINTIFF FIRST COURSE OF ACTION WOULD BE THROUGH THE PEORIA County CIRCUIT COURTS, SOME THEREFORE COULD NOT EVEN EXHAUST THAT REMEDY THAT IS REQUIRED BY LAW, PRISONERS MUST EXHAUST ALL STATE REMEDIES.

PUNITIVE DAMAGES ARE NOT PROTECTED BY Local governments such AS THE CIRCUIT CLERKS OFFICE, AND QUALIFIED IMMUNITY DOES NOT PROTECT PRIVATE PARTIES SEE JACKSON V. BOSTICK 760 F.supp. 524, 532 D.4 (D. md. 1991) AND THE PLAINTIFF SEEKS PUNITIVE DAMAGES THATS OUTLINED IN HIS COMPLAINT IN THE AMOUNT OF $500,000.00 TO Deter THE CIRCUIT CLERK FROM FURTHER DENYING PRO, SE, INDIGENT PRISON LITIGANTS FROM BEING CONSTITUTIONALLY VIOLATED BY THIS OFFICE IN PEORIA COUNTY, and ROBERT SPEARS IS BEING sued IN HIS INDIVIDUAL CAPACITY, PER JUDGES ORDER.

7A

THE HONORABLE JUDGE HAROLD A. BAKER ON MAY 13th 2004 HAS STATED BEYOND ADOUBT IN A 28 U.S.C. § 1915(A) SCREENING OF THE PLAINTIFF COMPLAINT OF THE DEFENDANTS who IS GRANTED IMMUNITIES AND HAS DISMISSED THESE HE SAW FIT TO DISMISS ACCORDING TO FEDERAL LAWS AND STATUES AND BACKED BY CONCRETE CASE'S.

SO THEREFORE ROBERT M. SPEARS CLAIMS IN 2, AND 3 OF HIS AFFIRMATIVE DEFENSE SHOULD BE DEEMED BY THE COURT AS FALSE, SEE AND COMPARE LIPPAY-V- CHRISTOS 996 F.2d 1490 C.A. 3 PA. 1993 FALSE STATEMENTS ON IMMUNITIES.

THEN THIER WAS ANOTHER SCREENING ON OCTOBER 28th 2004 AND AT THIS TIME THE DEFENSE COUNSEL COULD HAVE JUST MENTIONED THAT SHE IS STATING AT THAT TIME THAT HER CLIENT ROBERT M.SPEARS IS ENTITLED TO ABSOLUTE QUASI - Judicial Immunity, AND ENTITLED TO QUALIFIED IMMUNITY, it could have BEEN DECIDED AT THAT TIME.

THE DEFENSE COUNSEL motion ANSWER AND AFFIRMATIVE DEFENSE Should BE held IN light OF 725 ILCS 5/32-2 A,C. PERJURY AND 725 ILCS 5/33-3 A,B,C. OFFICIAL MISCONDUCT, BECAUSE its A DELAY OF PRECIOUS COURT TIME.

COMPARE TALARICO-V- DUNLAP 177 ILL. 2d. 185, 226 ILL Dec 222,685 N.E. 2d. 325 1997 WHEREAS THE MERITS OF THE DEFENDANT BEING A LEADING DEFENDANT WAS BASED ON THE merits OF PRIOR Judication, SEE Judges ORDER FROM APRIL 29th 2004 MERIT REVIEW, WHEREAS Judge Harold A. BAKER STATED IN HIS ORDER ROBERT M. SPEARS CAN BE SUED IN HIS INDIVIDUAL CAPACITY ONLY.

FURTHERMORE THE PLAINTIFF HAS DEMONSTRATED FACTS THAT DEMOSTRATED THE INDIVIDUAL DEFENDANT HAS PERSONAL INVOLVEMENT IN deprivations; PERSONAL INVOLVEMENT Specifically BASED ON ALLEGATIONS THAT, DEFENDANT Participated directly IN constitutional violations AND THE DEFENDANT FAILED TO Remedy THE WRONG AFTER BEING INFORMED OF VIOLATIONS Through A written letter wrote TO HIM IN MAY OR JUNE OF 2003, AND THAT DEFENDANT created A Policy OF SAYING HE will check with THE STATES ATTORNEY FIRST BEFORE HE Files ANY motion OR PETITION, THE DEFENDANT CREATED A Policy By contacting STATES ATTORNEY KEVIN LYONS BEFORE filing ANY CAUSE OF ACTION AND THIS CUSTOM ESTABLISHED UNDER UNCONSTITUTIONAL violations AND PRACTICES OCCURRED AND Allowed continued OF Such Policy AND Customs, THAT THE DEFENDANT WAS GRESSLY NEGLIGENT IN supervising SUBORDINATES who committed WRONG FUL ACTS, By failing TO ACT ON LETTERS TO HIM THAT UNCONSTITUTIONAL ACTS WERE OCCURING SEE PRAVDA-V.- CITY OF ALBANY NY. 956F.SUP 177 N.D. N.Y (1997).

7 B

FURTHER MORE THE PLAINTIFF BELIEVES THAT IMMUNITY ANALYSIS ON A FOURTH AMENDMENT CASE, FACTUALLY SIMILAR CASE'S, ARE NOT ALWAYS NECESSARY TO ESTABLISH THAT A GOVERNMENT ACTOR WAS ON NOTICE THAT CERTAIN CONDUCT IS UNLAWFUL; IF THE PLAINTIFF IN A 1983 ACTION CAN SHOW THAT THAT THE OFFICIALS CONDUCT IS UNLAWFUL AND LIES SO OBVIOUSLY AT THE VERY CORE OF WHAT THE FOURTH AMENDMENT PROHIBITS, THAT THE UNLAWFULNESS OF CONDUCT WAS READILY APPARENT TO THE OFFICIAL NOT WITHSTANDING LACK OF CASE LAW THEN THE OFFICIAL IS NOT ENTITLED TO QUALIFIED IMMUNITY SEE Thomas EX REL -V- ROBERTS 2003 WL 934299. C.A. 11 GA. 2003

LOCAL GOVERNING BODIES CAN BE SUED DIRECTLY UNDER 1983 FOR MONETARY, DECLARATORY OR INJUNCTIVE RELIEF WHERE CONSTITUTIONAL VIOLATIONS OCCUR BY IMPLEMENTS OR EXECUTES POLICY STATEMENTS, ORDINANCE REGULATIONS OR DECISION OFFICIALLY ADOPTED AND PROMULGATED BY THAT BODY OFFICERS. SEE THORTON -V- CITY OF ST HELENS 937 F.Supp 2d 1017 2002

THEREFORE THE PLAINTIFF PRAYS THAT HIS RESPONSE MOTION AND BRIEF IN SUPPORT OF SUMMARY JUDGEMENT BE GRANTED AND THE DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSE BE DENIED, AND THIS HONORABLE COURT GRANTS RELIEF AS OUTLINED WITHIN THE BRIEF OR AS THIS COURT SEES FIT.

RESPECTFULLY Submitted
Shawn Williams

SUBSCRIBED AND SWORN TO BEFORE ME
THIS DAY. 16 OF Nov. 2004

"OFFICIAL SEAL"
Patricia Luers
Notary Public. State of Illinois
My Commission Exp. 12/15/2004

NOTARY PUBLIC

7C

STATE OF ILLINOIS          )
                           ) SS
COUNTY OF _Randolph_       )

## AFFIDAVIT

I, _TRAVIS WILLIAMS_, being first duly sworn upon my oath depose and state that the following matters are both true and correct made upon personal knowledge and belief, and if called as a witness, I am competent to testify thereto: _That the contents of this action and_
_BRIEF IS TRUE AND CORRECT TO THE KNOWLEDGE OF TRAVIS_
_WILLIAMS AND THAT ON THAT DATE OF NOTARY STAMP IT WAS_
_MAILED THERE AFTER TO DEFENSE COUNSEL LYNDEN SCHMIDT_
_AND DISTRICT COURT CLERK John Waters_

Subscribed and sworn to
before me on the _16_ day
of _Nov_ , _2004_.

NOTARY PUBLIC

"OFFICIAL SEAL"
Patricia Luers
Notary Public, State of Illinois
My Commission Exp. 12/15/2004

Respectfully submitted,

_James Williams_

IN THE
UNITED STATES DISTRICT COURT CENTRAL
DISTRICT OF ILLINOIS, PEORIA DIVISION

TRAVIS WILLIAMS )
Plaintiff, )
)  Case No. _04 - 1074_
v. )
)
ROBERT M. SPEARS )
Defendant )

## PROOF/CERTIFICATE OF SERVICE

TO: _ASST STATES ATTY:_
_LYNDEN schmidt_
_324 MAIN ST, RM 111_
_PEORIA, IL. 61602_

TO: _Clerk OF CENTRAL DISTRICT COURT_
_JOHN WATERS_
_100 N.E. MONROE ST,_
_PEORIA IL 61602_
_FEDERAL Building_

TO: _____

TO: _____

PLEASE TAKE NOTICE that on _NOVEMBER_ _____, 20 _04_ I have placed the
documents listed below in the institutional mail at ___MENARD__ Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service: _ONE RESPONSE TO DEFENSE COUNSEL LYNDEN ADDRESSED TO HER_
_AND TWO COPIES SENT TO FEDERAL DISTRICT CLERK_
_John WATERS AT THE PEORIA FEDERAL Building._

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of
perjury, that I am a named party in the above action, that I have read the above
documents, and that the information contained therein is true and correct to the best of my
knowledge.

DATE: _11 / 04_

/s/ _Travis Williams_
NAME: _TRAVIS WILLIAMS_
IDOC#: _B67417_
_MENARD_ Correctional Center
P.O. BOX _711_
_MENARD_ , IL _62259_

Revised July 2004

*EXhibiT  1*

ILLINOIS DEPARTMENT OF CORRECTIONS

## Parole Violation Report

### Section A: Violation Details

Releasee: Travis D. Williams                     AKA Travis Dowhard                ID#B67417

Parent Facility: Western Illinois Correctional Center                Date of Birth: 07/23/1963

Gender: ☒ Male    ☐ Female    Race: ☐ Caucasian    ☒ African American    ☐ Asian American    ☐ Hispanic    ☐ Native American    ☐ Other _____

FBI#: 153580X6                        I.R.#: N/A                              CCJ#: N/A

Release Date: 08/24/2003            Sentence Exp. Date: 08/24/2005                    Violation Date:    11/01/2003

Custody Facility: Peoria County Jail                                    Custody Date: 11/01/2003

Offense(s): Domestic Battery, Aggravated Assault, Robbery, Criminal Damage to Property

IDOC Warrant #:  PN0313090                                    Date Warrant Issued: 11/01/2003

**Description of the Alleged Violation** (include date, time, place and description of the violation; description and method of weapons used; identity and injury to victim(s); arrest date and arresting agency; criminal charges; and custody/court/bond information):

According to Peoria Police Report #03-32292, On 11/1/03 at approximately 2:16 a.m., Officer Dixon of the Peoria Police Department was dispatched to 3506 N. Molleck in Peoria, Il. in regards to a domestic dispute. Officer Dixon spoke to the victim, Linda Jackson, who stated that her boyfriend, Travis Williams, punched her in the face and kicked her several times. Jackson stated that she told Williams that he needed to leave and he became more upset. She stated that Williams grabbed a hunting knife and began swinging it at her while she was in bed. Jackson stated that he then began to cut the bed up with the knife while telling her he would, " Kill Your Mother Fucking Ass!" Jackson stated she then was able to call the police on her cellular phone. Jackson stated that this enraged Williams and he punched her in the left eye, SEE PAGE #3,

**Other Arrests or Parole or Mandatory Supervised Release Violations During the Current Supervision Term:**

**Community Adjustment** (juvenile only):

**Agent's Recommendation** (sanctions, level, ARD date, etc.): Due to Williams' arrest and total disregard for the rules of parole, this agent recommends that he be declared a violator and kept for the remainder of his parole term.

**Attachments** (identify): Peoria Police Report, IDP Goals, Warrant

I hereby declare under the penalty of perjury that the foregoing description of alleged violations made by me in this violation report is true and correct to the best of my knowledge and belief.

Randall E. Ward                    D-24        _Randall E. Ward_            11/2/2003
         Print Parole Agent's Name            No.            Parole Agent's Signature            Date

**Supervisor Comments** (if any):

George Richardson                  D-12       _George Richardson_         11/3/03
         Print Parole Supervisor's Name          No.            Supervisor's Signature           Date

**Section B: Notice of Charges must be completed at the same time this section is completed**

Distribution: Releasee; Releasing Authority; Releasee's Case File;                Page 1                        DOC 0071 (Eff. 1/2002)
         Parent Field Services Representative;                                        (Replaces DCA 591; DCJ 119, and 142)
         Hearing Officer; if FOS, Interstate Compact            Printed on Recycled Paper

PAGE ( 8 )

EXHIBIT 3

ILLINOIS DEPARTMENT OF CORRECTIONS

## Parole Violation Report

Travis D. Williams                                                                 B67417
                        Releasee's Name                                                        ID#

### Section A: Violation Details (con't)

Description of the Alleged Violation: AND KICKED HER IN THE CHEST. WILLIAMS TOOK HER CELLULAR PHONE AND FLED THE SCENE. JACKSON'S GRANDDAUGHTER WITNESSED THE INCIDENT AND HER STATEMENTS WERE CONSISTANT WITH JACKSON'S STATEMENTS TO POLICE. OFFICER WEST TOOK PICTURES OF JACKSON'S INJURIES AND OF THE DAMAGE TO THE MATTRESS. POLICE TRIED TO LOCATE WILLIAMS AT 815 W. MACQUEEN, IN PEORIA (WILLIAMS APPROVED HOST SITE). ANGELA OUTLAND STATED TO POLICE THAT WILLIAMS DOES NOT LIVE THERE . SHE STATED THAT SHE ALLOWS WILLIAMS TO USE HER ADDRESS AS A FAVOR TO JACKSON, WHO SHE KNOWS FROM WORK. OUTLAND STATED THAT JACKSON LIVES IN SECTION 8 HOUSING AND HOUSING GUIDELINES PREVENT HER FROM ALLOWING A FELON TO BE A RESIDENT. OUTLAND STATED THAT WILLIAMS ONLY COMES TO HER HOUSE WHEN HIS PAROLE AGENT NEEDS TO MEET WITH HIM. OUTLAND STATED TO POLICE THAT WILLIAMS DID CALL HER FROM JACKSON'S CELL PHONE AND DID ADMIT TO TAKING HER CELL PHONE. OFFICER DIXON DID CALL THE CELL PHONE NUMBER AND SPOKE TO A MALE WHO IDENTIFIED HIMSELF AS TRAVIS. THE OFFICER TALKED TO HIM ABOUT TURNING HIMSELF IN, BUT HE STATED HE, " DIDN'T DO SHIT" AND THEN HUNG UP THE PHONE. A 49 MESSAGE WAS PUT OUT FOR HIS ARREST. WILLIAMS WAS ARRESTED BY THE PEORIA POLICE AT APPROXIMATELY 12:15 P.M. IN THE 2500 BLOCK OF N. STERLING AVENUE IN PEORIA,IL. HE WAS TAKEN TO THE PEORIA P.D. DETECTIVE BUREAU FOR QUESTIONING AND THEN ARRESTED FOR DOMESTIC BATTERY, AGGRAVATED ASSAULT, ROBBERY AND CRIMINAL DAMAGE TO PROPERTY. WILLIAMS HAS VIOLATED A CRIMINAL STATUTE BECAUSE OF HIS ARREST, FAILED TO REFRAIN FROM POSSESSING A DANGEROUS WEAPON ( HUNTING KNIFE), FAILED TO OBTAIN PERMISSION FROM HIS AGENT BEFORE CHANGING HIS ADDRESS, FAILED TO PROVIDE TRUE AND ACCURATE INFORMATION TO HIS AGENT WHILE ON PAROLE ( STATED THAT HE WAS LIVING AT 815 MACQUEEN, PEORIA, WHEN HE WAS LIVING IN SECTION 8 HOUSING), FAILED TO ATTEND WEEKLY DRUG COUNSELING AT SMART RECOVERY AS INSTRUCTED BY HIS AGENT ON 8/24/03.

Other Arrests or Parole or Mandatory Supervised Release Violations During the Current Supervision Term:

Community Adjustment (juvenile only):

Agent's Recommendation:

Attachments:



DOC 0071 (Eff. 1/2002)
(Replaces DCA 591; DCJ 119, and 142)

Exhibit 3

# APPLICATION DATA SYSTEMS, INC.

**Case Number PA0300032329**
**Original Report**
**User ID SAPCPPD**

Run Date/Time: 6/3/2004 3:37:57 PM

**Report Address..:** 03506 N MOLLECK DR PA A
                     PEORIA IL

**Report Date/Time:** 11/01/2003    11:09
**Officer Name....:** FUCHS,DARRELL A

**Officer.....:** _____
                  FUCHS,DARRELL A

**Supervisor..:** _____

PAGE
(10)

==================================================================================

Report Number...: 03 00032329 Supp Number..: 000  Report Type..: CRIME

Report date.....: 11/01/2003  Report Time..: 11:09 District/Zone: 0134102

```
                   Number    Dir   Street Name              Type        Jur Apt.#
Address.........: 03506     N     MOLLECK                  DR          PA  A
```

City............: PEORIA                      State.....: IL Zip......:

Report Officer 1: PP840     FUCHS,DARRELL A    Assign Date...: 11/01/2003

Report Officer 2:                              Assign Date...:

Investigator 1..:                          Assign/Review Date.:

Investigator 2..:                          Assign/Review Date.:

Assigned By.....:                              Review Date...:

UCR Status......: 03      CLEARED BY ADULT ARR Status Date...: 11/01/2003

Case Status.....:                              Status Date...:

Connect Case#...:              Rpt Status: Last Updated by PP383 on 11/01/2003
                                           Record Created by DATATRAN on 11/01/2003.
==================================================================================
OFFENSE AREA
==================================================================================

------------------------------Offense  1 -----------------------------------
Offense Type..: 0625        -RESIDENTIAL BURGLARY       _ Attempted   X Completed

```
                   Number    Dir   Street Name              Type        Jur Apt.#
Address.......: 03506     N    MOLLECK                   DR          PA  A
```

City..........: PEORIA                      State.....: IL Zip......:

District/Zone.: 0134102 UCR:  NIBRS:           Type Criminal Activity
                                               _ B - Buying/Receiving
Begin Date....: 11/01/2003   Begin Time.....: 05:40    _ C - Cultivating/Manfacturing/Pu
                                               _ D - Distributing/Selling
End Date......: 11/01/2003   End Time.......: 06:42    _ E - Exploiting Children
                                               _ O - Operating/Promoting/Assist:
Bias Motive...: 99 UNKNOWN                     _ P - Possessing/Concealing
                                               _ T - Transporting/Transmitting/:
Location Type.: 090                            _ U - Using/Consuming
                                               _ I - Poss With Intent To Sell
Lighting......:              Weather........:    _ X - Other

                                           _ Consumed Alcohol        _ Prints Lifted
Premises Enter: 01  X Force Used  State.:   _ Used Computer Equipment _ Photo/Video
                                           _ Used Drugs

Comments......:

Weapons.......:B        _ Auto        _ Auto        _ Auto

Point Of Entry: DOOR    Point Of Exit..: DOOR    Means Of Entry: UNK PRY TO

Tools Used....: UNKNOWN  Entry Direction:         Exit Direction:

page
(11)

Exhibit 4

=======================================================================

=======================================================================
PERSON AREA
=======================================================================
-------------------------------Person 1 ---------------------------------
Person Type:
   X̲ Victim    X̲ Complainant  _ Suspect    _ Arrestee   _ Witness X̲ Prop/Veh Owner

   _ Business _ Financial _ Government _ Religious _ Society _ Other/Unknown

Last Name......: JACKSON                First Name..: LINDA

Middle Name....: F         Suffix....:        MNI #.: 66 00065658

Date Of Birth..: 06/10/1956  Age/From/To..: 047 047 Months: 04 Rpt Age..: 47

Social Security:              Sex..........: F      Race..:  B Ethnicity:

Height From/To.: 5'07 5'07   Weigh From/To: 180 180 _ Can ID Suspect(s)

Eye Color......: BRO         Hair Color...: BLK    Phone: (309) 453-2777

                Number     Dir  Street Name          Type        Jur Apt.#
Address........: 03506      N    MOLLECK              DR          PA  A

City...........: PEORIA           State..........: IL Zip......:

Driver License.: J25052656765     State..........: IL Exp. Year: 00

Marks/Scars....:                                    _ Juvenile
-------------------------------Additional Victim Information-------------------------------
Assault/Homicide Cause                  Injury
_ Argument              _ Juvenile Gang       X̲ None         _ Unconscious
_ Assault on Law Officer _ Lovers Quarrel     _ Broken Bones  _ Internal Injuries
_ Drug Dealing         _ Mercy Killing        _ Minor Injury  _ Lacerations
_ Gangland             _ Child Abuse          _ Major Injury  _ Loss Of Teeth
_ Other Felony Involved _ Other _ Unkown
_ Child Playing w/Weapon _ Hunting Accident     Rape Information
_ Gun-Cleaning Accident  _ Other Negligent Killings _ Rape Exam
_ Other Negligent Weapon _ Negligent Child Abuse  _ Rape Treatment For Rape
_ Criminal Killed by Citizen                    Rape Location
_ Criminal Killed by Policeman
_ Criminal Killed in the Commission of a Crime

Justifiable Homicide Reason
_ Criminal Killed by Policeman
_ Criminal Attacked Police Officer and that Officer Killed Criminal
_ Criminal Attacked Police officer and Criminal Killed by Another Police Officer
_ Criminal Attacked by Civilian
_ Criminal Attempted Flight From a Crime
_ Criminal Resisted Arrest
_ Unable to Determine/Not Enough Information

PAGE
(12)

Exhibit 5