UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**TRAVIS WILLIAMS,**
    **Plaintiff,**

      **vs.**        **04-1074**

**ROBERT M. SPEARS,**
    **Defendant.**

### ORDER

Before the court are the plaintiff's motion for summary judgment, d/e 19, the defendant's motion for summary judgment, d/e 24, and the plaintiff's response, d/e 35, to defendants' summary judgment motion. Pursuant to this court's order of October 28, 2004, the defendant's motion for summary judgment shall stand as his response to the plaintiff's motion for summary judgment.

### Standard

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P.56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Herman v. National Broadcasting Co., Inc.,* 744 F.2d 604, 607 (7th Cir. 1984), *cert. denied,* 470 U.S. 1028 (1985). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Corp.,* 956 F.2d 1436, 1440 (7th Cir. 1992).

However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359 (7th Cir. 1988). A "metaphysical doubt" will not suffice. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Disputed facts are material only if they might affect the outcome of the suit. *First Ind. Bank v. Baker,* 957 F.2d 506, 507-08 (7th Cir. 1992). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, *247-248, 106 S.Ct. 2505, 2510 (1986).

### Allegations

1

In his complaint, d/e 8, the plaintiff alleges that on November 1, 2003, Officer Dixon of the Peoria Police Department called the plaintiff on his cell phone and asked him to turn himself in to the police. The plaintiff declined. In response, the officer advised the plaintiff that he would tell the plaintiff's parole officer to add a bunch of false charges to his report and get the plaintiff sent back to prison. The plaintiff claims Randell E. Ward of the Illinois Adult Parole Office in Peoria, filed a false parole report to the Illinois Department of Correction and "had Mr. Williams sent to prison."

Further, the plaintiff claims that Robert M. Spears, Peoria County Clerk, Peoria, Illinois denied the plaintiff access to the Peoria Courts "by telling Mr. Williams that he had no court case, when in fact (sic) had a court date of December 9, 2003 at 9:30 which Mr. Williams was given notice to appear tickets on four felonys (sic) charges." The plaintiff claims Mr. Spears sent "Mr. Williams (sic) motion back to him, with a price list, of charges of different services the clerk..." The plaintiff claims that 37 days later after he filed a second motion, Mr. Spears advised the plaintiff there were new charges filed on December 8, 2003. The plaintiff claims these are the same charges that were filed on November 1, 2003, for which he was arrested and The plaintiff alleges that "Robert M. Spear sent Mr. Williams' motion back to him."

The plaintiff also makes allegations against Kevin W. Lyons, States Attorney for Peoria County, but they are irrelevant to the court's consideration of the pending motions, so those allegations are not noted in this order. (On May 13, 2004, the court ruled that the plaintiff's complaint failed to state a claim upon which relief may be granted concerning his parole revocation or charges filed by the States Attorney. The court directed the Clerk to terminate Kevin W Lyons, Randell E Ward, and Dixon. The court further held that the plaintiff's complaint has one surviving claim: that Peoria County Circuit Clerk Robert Spears denied him meaningful access to the courts and that this claim is against Robert Spears in his individual capacity only.)

**Summary Judgment Motions**

In his summary judgment motion, d/e 19, the plaintiff moves for summary judgment, then lists six "undisputed facts" and attaches a copy of a Petition for Habeas Corpus as an exhibit. The plaintiff lists as an undisputed fact that "Robert Spears has admitted in his Alternative Motion for Dismissal that he returned the plaintiff's motion to him. *See infra*. However, a review of the Motion for Dismissal shows that Spears merely stated that "the plaintiff alleges that Spears .... returned his motion to him .... The plaintiff's remaining "undisputed facts" are conclusion of law and the plaintiff's opinions. The plaintiff alleges in his motion that Spears failed to file any motion or petition for the plaintiff at the Peoria Circuit Court Office and that this act denied the plaintiff access to court.

In response, d/e 24, Spears, asserts that he had no personal involvement with any documents sent by the plaintiff to his office. Further, Spears asserts that given the number of documents filed by the Circuit Clerk's Office for the plaintiff in his criminal misdemeanor case, this one instance constitutes negligence at best and that a claim of negligence cannot support a

2

claim of denial of access to the courts.

In his summary judgment motion, 24, Spears moves for summary judgment on all the plaintiff's claims. By way of introduction, Spears asserts that although the plaintiff was given a Notice to Appear in Court on December 9, 2003 by the Peoria Police Department, the Information was not filed by the State's Attorney's Office until December 8, 2003. Therefore, when the Circuit Clerk's Office sent the plaintiff a letter on December 4, 2003, they could not have been aware of the plaintiff's court date and were not denying him access to court. The plaintiff subsequently filed the motion he allegedly sent on November 26, 2003, and therefore has not shown the type of injury required to prevail on a constitutional claim. Furthermore, Spears asserts that he is being sued in his individual capacity only and that he did not have any involvement with any documents sent by the plaintiff and cannot be held vicariously liable under Section 1983.

**Disputed Material Facts from Plaintiff's Motion for Summary Judgement**

Fact No. 1.   Defendant Spears denies that he returned anything to the Plaintiff. *See* Exhibit B, Affidavit of Robert Spears.

Fact No. 3   "The Plaintiff at all times requested that Robert M. Spears send a stamp and file return motion to the Plaintiff, which Robert M. Spears refused to do."
Defendant's Response - Spears never saw any of the plaintiff's documents until he received the complaint on June 10, 2004. The plaintiff did not ask for file, stamped copies. *See* Exhibit B, Affidavit of Robert Spears, plus Exhibits 3, 11, 17 and 25, d/e's 25, 27, 28 and 30, respectively.

Fact No. 4   "Robert M. Spears has made an individualized descisions [sic] on how he will run this office, to prejudice indigent pro se litigants by always stating in letters with returned motion that he would not file the motion or petition, but will check with the State's Attorney first!"
Defendant's Response - The letters from Spears' office were from deputy clerks, not from Spears. The documents that the plaintiff sent to Spears' office which precipitated the January 5, 2004 letter from Spears' office were filed. *See* Exhibit B, Affidavit of Robert Spears, ex. 4-7, ex. 9 and ex. 13, page 5, d/e 's 26 and 28, respectively.

Fact No. 6   "The plaintiff is finishing a 10 1/2 month sentence due to the fact Robert M. Spears failed to file the Plaintiffs Habeas Corpus Petition."
Defendant's Response - The plaintiff's sentence was a result of his parole violation. *See* Exhibit B, Affidavit of Robert Spears, ex. 31, d/e 31.

**Plaintiff's Facts that are Immaterial to the Motion**

Fact No. 2   "The plaintiff has stated a cause of action that violated the Plaintiff [sic] constitutional rights to access to the courts." This statement is a conclusion of law, not a fact.

Fact No. 5   "No evidence has been submitted during the defendant's motion for dismissal to

support the defendant not unconstitutionally [sic] depriving the plaintiff of his constitutional right to access to the courts." Pursuant to FRCP 12(b), no evidence is required to be submitted with a motion to dismiss.

**Undisputed Material Facts From Defendant's Summary Judgment Motion**

1. The plaintiff was arrested by the Peoria Police Department on November 1, 2003. *See* Exhibit A, Affidavit of Steven S. Smith, Ex. 1, d/e 24.
2. A warrant was issued for the plaintiff on November 1, 2003 by the Illinois Department of Corrections;. The plaintiff was released to the Department of Corrections on November 6, 2003. *See* Exhibit A, Affidavit of Steven S. Smith, Ex. 1 and 2, d/e 24.
3. The plaintiff was issued a Notice to Appear in Peoria Circuit Court on December 9, 2003 at 9:00 a.m. by the Peoria Police Department on November 6, 2003. *See* Exhibit B, Affidavit of Robert M. Spears, Ex. 1, page 3, d/e 25.
4. On December 4, 2003, a Peoria County Deputy Circuit Clerk sent a letter to the plaintiff which stated that no charges against him could be found. *See* Exhibit B, Affidavit of Robert M. Spears, Ex. 13, page 5, d/e 28.
5. Throughout the year of 2004 to the present date (November 17, 2004), there are and have been 48 deputy clerks in Spears' office. *See* Affidavit of Robert M. Spears, Ex. 1, page 1, d/e 25.
6. Robert M. Spears is the Peoria County Circuit Clerk. *See* Affidavit of Robert M. Spears, Ex. 1, page 1, d/e 25.
7. Robert M. Spears did not have any knowledge of any documents sent by the Mr. Williams to Spears' office until he received a copy of the complaint on June 10, 2004. *See* Affidavit of Robert M. Spears, Ex. 1, page 1, d/e 25.
8. Robert M. Spears do not file and never have filed any documents in his office. *See* Affidavit of Robert M. Spears, Ex. 1, page 1, d/e 25.
9. Robert M. Spears did not send any letters to Mr. Williams, nor did he know of any letters sent to him by Spears' office until he received a copy of the complaint herein on June 10, 2004. *See* Affidavit of Robert M. Spears, Ex. 1, page 1, d/e 25
10. The charges in Case No. 03 CM 2753, *People v. Travis D. Williams* were filed with the Circuit Clerk by the Peoria County State's Attorney's Office on December 8, 2003. *See* Exhibit C, Affidavit of Stefani Quast and Exhibit B, Affidavit of Robert M. Spears, Ex. 1, d/e's 31 and 25, respectively.
11. A copy of a Notice to Appear is not filed until the Information is filed. *See* Exhibit C, Affidavit of Stefani Quast, d/e 31.
12. In cases prosecuted by the State's Attorney's Office, the Circuit Clerk's Office has no information on criminal charges until they are filed by the State's Attorney. *See* Exhibit B, Affidavit of Robert M. Spears, d/e 25.
13. On December 9, 2003, Peoria Circuit Judge Collier continued the plaintiff's first appearance in Case No. 03 CM 2753 to January 20, 2004 at 9:00 a.m., because the plaintiff was in the custody of the Illinois Department of Corrections. *See* Exhibit B, Affidavit of Robert M. Spears, Ex. 2, d/e 25.
14. On January 5, 2004, a Peoria County Deputy Circuit Clerk sent Plaintiff a letter telling

15. him that the charges against him were filed on December 8, 2003. *See* Exhibit B, Affidavit of Robert M. Spears, Ex. 9, d/e 26.
15. On January 5, 2004, the plaintiff's Motion for Appointment of Counsel, Application to Sue or Defend as a Poor Person and Leave to File Petition of Mandamus were filed in Case No. 03 CM 2753. *See* Exhibit B, Affidavit of Robert M. Spears, Ex. 5-7, d/e 26.
16. On January 20, 2004, Plaintiff was informed of the charges against him in Case No. 03 CM 2753 and entered a plea of Not Guilty. The plaintiff was represented by Attorney Robert Gaubas. *See* Exhibit B, Affidavit of Robert M. Spears, Ex. 10, d/e 26.
17. On January 26, 2004, the plaintiff's Motion to Dismiss with four exhibits was filed in Case No. 03 CM 2753. *See* Exhibit B, Affidavit of Robert M. Spears, Ex. 13, d/e 28..
18. On March 16, 2004, the plaintiff's Motion for Clerk Issuance of Subpoena(s) was filed in Case No. 03 CM 2753. *See* Exhibit B, Affidavit of Robert M. Spears, Ex. 14, d/e 28.
19. On April 16, 2004, the plaintiff's Motion for Change of Trial with one exhibit, Motion for Clerk Issuance of Subpoenas, Motion for Effect of Failure to Arraign and Irregularity of Arraignment, Motion to Suppress Confession, Motion to Dismiss Charge with six exhibits and Motion for Bill of Particulars were filed in Case No. 03 CM 2753. *See* Exhibit B, Affidavit of Robert M. Spears, Ex. 19 - 24, d/e's 29-30.
20. On June 1, 2004, the plaintiff's document entitled "Defendant Seeking a Court Order" with exhibit was filed in Case No. 03 CM 2753. *See* Exhibit B, Affidavit of Robert M. Spears, Ex. 27, d/e 30.

In his response to the defendant's summary judgment motion, the plaintiff introduces new claims(s). These claims were not in the plaintiff's amended complaint, so they will not be considered.

**Discussion and Conclusion**

In a Section 1983 action, an individual is liable under § 1983 only if he or she was "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 739 (7th Cir. 2001), *citing Chavez v. Illinois State Police*, 251 F.3d 612, 652 (7th Cir. 2001); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Personal responsibility means participating directly in the constitutional violation or directing the unconstitutional conduct. A defendant may also be personally responsible if the "conduct occurred with his knowledge or consent." *Sanville*, 266 F.3d at 739, *citing Chavez*, 251 F.3d at 652. Further, a defendant cannot be liable under the doctrine of *respondeat superior Pacelli v. DeVito,* 972 F.2d 871, 878 7th Cir. 1992); *Adams v. Pucinski,* 2002 WL 31497340, p. 3 (N.D. III. 2002)). To establish liability under Section 1983, the plaintiff must show that Spears actually participated in the alleged actions.

Further, an access to the courts claim only arises if the plaintiff suffered "actual injury" from the inability to pursue a nonfrivolous claim. *Lewis v. Casey*, 116 S.Ct. 2174, 2179-80 (1996); *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000); *Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir. 1998)(actual injury occurs when plaintiff blocked from litigating a nonfrivolous case).

"[T]o state a right to access-to-courts claim and avoid dismissal under Rule 12(b)(6), a prisoner must make specific allegations as to the prejudice suffered because of the defendants' alleged conduct.  This is because a right to access-to-courts claim exists only if a prisoner is unreasonable prevented form presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves.  Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003)(general allegations that destruction of legal papers prejudiced pending lawsuits did not state a claim).

In his complaint, the Plaintiff alleges that Spears denied him access to the Peoria courts "by telling Mr. Williams that he had no court case ..."   He also alleges that "Robert M. Spears sent Mr. Williams' motion back to him." (Complaint, par. 3.)  Based on the record, the plaintiff refers to the letter sent to him by a deputy clerk on December 4, 2003 (Exhibit B, Affidavit of Robert Spears, ex. 13, page 5, letter attached to Williams' Motion to Dismiss).  The plaintiff was arrested by the Peoria City Police on November 1, 2003, and was given a Notice to Appear on December 9, 2003 in Peoria Circuit Court for that offense. (Exhibit A, Affidavit of Steven Smith, ex. 1; Exhibit B, Affidavit of Robert Spears, ex. 1, page 3). A warrant was issued by the Illinois Department of Corrections on November 1, 2003 for the Plaintiff, and he was released to the Department on November 6, 2003. (Exhibit A, Affidavit of Steven Smith, ex. 1 and 2).  Charges for the November 1st arrest by the Peoria Police were not filed by the Peoria County State's Attorney's Office until December 8, 2003. (Exhibit B, Affidavit of Robert Spears, ex. 1; Exhibit C, Affidavit of Stefani Quast). Therefore, a deputy clerk in Spears' office sent the letter on December 4, 2003, there was no file or charge in the Circuit Clerk's office with regard to the November 15th arrest (Exhibit B, Affidavit of Robert Spears; Exhibit C, Affidavit of Stefani Quast). Consequently, there could be no deliberate deprivation of the plaintiff's access to the courts which is required to state a constitutional violation.

In addition, the motion the plaintiff allegedly sent to the Circuit Clerk in November, 2003 was a Motion for Speedy Trial and/or Quash Warrant.  This same motion was subsequently filed with his Motion to Dismiss on January 26, 2004 (Exhibit B, Affidavit of Robert Spears, ex. 13, page 6), and with his Motion to Dismiss Charge filed on April 16, 2004 (Exhibit B, Affidavit of Robert Spears, ex.23, page 4).  The plaintiff's motion to dismiss was subsequently denied. (Exhibit B, Affidavit of Robert Spears, ex. 29). Having been able to file and present his original motion to t he Peoria Circuit Judge, the plaintiff cannot claim an injury as is required to bring a Section 1983 action.

Further, upon being notified that the plaintiff was in the custody of the Department of Corrections, the Peoria Circuit Court continued the plaintiff's first appearance on December 9, 2003 to January 20, 2004 (Exhibit B, Affidavit of Robert Spears, ex. 2). On January 20th, the plaintiff was informed of the charges against him and entered a plea of not guilty (Exhibit B, Affidavit of Robert Spears, ex. 10).  In fact, the plaintiff appeared in Peoria Circuit Court several

times before his trial (Exhibit B, Affidavit of Robert Spears, ex. 10, 15, 16, 28 and 29), and was represented by counsel *(Id.,* ex. 10, 15, 16 and 30).

The letter sent by the deputy circuit clerk on January 5, 2004 states that charges were on file against the plaintiff, which by the time this letter was sent was true (Exhibit B, Affidavit of Robert Spears, ex. I; Exhibit C, Affidavit of Stefani Quast). On the same day, the Circuit Clerk's Office filed the documents sent by the plaintiff as follows: I) Motion for Appointment of Counsel; 2) Application to Sue or Defend as a Poor Person; and 3) Leave to File Petition of Mandamus (Exhibit B, Affidavit of Robert Spears, ex. 5-7). The letter sent by the plaintiff with these documents asked that a letter be sent to the Lawrence Correctional Center stating that there were no charges against him. (Exhibit B, Affidavit of Robert Spears, ex. 3). Of course, by this time the charges had been filed, so the letter requested by the plaintiff could not be sent.

Most important, the plaintiff's claim is against Spears only in his individual capacity. The letters from the Circuit Clerk's Office were sent by a deputy circuit clerk, not Spears himself (Exhibit B, Affidavit of Robert Spears, ex. 9 and 13, page 5). Moreover, Spears does not file documents himself, and had never heard of the plaintiff until he received the plaintiff's complaint on June 10, 2004. (Exhibit B, Affidavit of Robert Spears). There is no vicarious liability in Section 1983 actions, *see Pacelli*, 972 F.2d at 878; *see also Adams.* Spears can be liable only if the plaintiff can show that Spears personally participated in the alleged actions. The plaintiff has not done so.

**Plaintiff's motion for summary judgment**

The plaintiff claims that with every letter he sent, he asked for file stamped copies. However, that is not true. His letter dated December 31, 2003 asked that a letter be sent to the Lawrence Correctional Center stating that there were no charges pending against him (Exhibit B, Affidavit of Robert Spears, ex. 3). The plaintiff's letter filed on May 7, 2003 asked that a letter be sent to the prison that he didn't "have a warrant in Peoria County" (Exhibit B, Affidavit of Robert Spears, ex. 32). By the time these letters were sent though, there were charges filed against him. The remaining letters simply describe the documents enclosed and ask that they be filed (Exhibit B, Affidavit of Robert Spears, ex. 3, 11, 17 and 25). The plaintiff claimed in his response to Spears' Motion to Dismiss that he needed certified copies of the pleadings to show that he had been charged with only a misdemeanor so that the Parole Board would release him. The parole violation cited by the Parole Board, however, was the violation of "any" criminal statute. (Exhibit B, Affidavit of Robert Spears, ex. 31). In any event, the letters sent by the plaintiff with the documents he filed did not contain requests for certified copies or file stamped copies.

Further, the plaintiff claims that his motion should be granted because Spears did not submit any evidence with his motion to dismiss. However, no evidence is required with a motion to dismiss, and such submission would convert the motion into one for summary judgment (FRCP 12 (b); *Johnson,* 169 F.3d at 1059).

In order to bring a claim that he was denied access to the courts, the plaintiff must claim [and prove] that he suffered a "concrete injury" as a result. See *Tarpely v. Allen County Indiana,* 312 F.3d 895, 899 (7th Cir. 2002). In addition, there must be a deliberate deprivation and an "isolated incident of negligence...does not rise to the level of a constitutional violation actionable under Section 1983." *Kincaid v. Vail,* 969 F.2d 594, 602 (7th Cir. 1992). Based on the foregoing, the plaintiff's summary judgment motion is denied. The defendant, Robert M. Spears is entitled to summary judgment as a matter of law.

**It is therefore ordered:**

1. **Pursuant to Fed. R. Civ. P. Rule 56(c ), the defendant is entitled to judgement as a matter of law. The defendant's summary judgment motion, d/e 24, is granted pursuant to Fed. R. Civ. P.56©).**
2. **The plaintiff's summary judgment motion, d/e 19, is denied.**
3. **The clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff, forthwith.**
4. **Any remaining matters are rendered moot.**

**Enter this 26th day of September 2005.**

s\Harold A. Baker

_____
**HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE**.